[No. 19505. Department Two. January 11, 1926.]

# E. C. Seeley, *Appellant*, v. J. L. Morris *et al.*, *Respondents.*[1]

[1] Partnership (3, 60)—Existence of Relation—Pleading—Sharing Profits and Losses. Under the liberal construction of pleadings required by Rem. Comp. Stat., § 288, as against a demurrer, a complaint sufficiently alleges a binding contract of partnership and a breach thereof, where it alleges an oral agreement to form a partnership, the contribution of advances therefor, and an agreement as to the division of profits from the acquisition and development of clam beds.

[2] Frauds, Statute of (8) — Agreements Not to be Performed Within One Year. An agreement to form a partnership for the acquisition of clam beds is not void, as within the statute of frauds, where there is nothing to show that it was not performable within one year.

[3] Partnership (29)—Actions Between Partners — Breach of Partnership Agreement—Sufficiency of Complaint. Damages from a breach of contract to form a partnership for the acquisition of clam beds is not shown by allegations of a ·complaint to the effect that defendants breached the contract by conspiring with a third person to contest plaintiff's application, refused to make the necessary advances to procure plaintiff's title, and as a result the third person acquired the title in which defendants had an interest; since it nowhere alleges that plaintiff could have obtained title to the beds (Mackintosh, J., dissenting).

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered February 2, 1925, dismissing an action, for a partnership accounting, upon sustaining a demurrer to the complaint. Affirmed.

*James M. Bailey* and *Long & Schweppe,* for appellant.

*Battle, Hulbert, Gates & Helsell* and *W. A. Wells,* for respondents.

[1]Reported in 242 Pac. 359.

TOLMAN, C. J.—This is an appeal from a judgment of dismissal, following the sustaining of a demurrer to the fifth amended complaint and plaintiff's election to stand thereon.

The sole question, therefore, presented to us is as to the sufficiency of the complaint.

In his fifth amended complaint, the plaintiff, in paragraph I, pleaded that, in 1922, he discovered a valuable bed of razor clams at Graham Island, British Columbia, and that thereafter he caused application to be made to the Land Department of the Province of British Columbia for a lease of such clam beds; but it is not pleaded in this paragraph, or in any other part of the complaint, that by reason of being the discoverer, or otherwise, the plaintiff obtained any preference or other right to such a lease.

Paragraph II pleads that, while the application for lease was pending, the plaintiff and defendants entered into an oral contract to form a partnership for the purpose of obtaining and holding such a lease and operating thereunder; that plaintiff contributed to the partnership his rights as the discoverer of the clam beds and in and to the pending application for a lease, and agreed to contribute his skill, services and experience to the enterprise, while the defendants agreed to furnish all necessary finances required to secure the lease and for the construction and operation of a cannery; and that plaintiff was to have a twenty-five per cent interest in the copartnership and receive twenty-five per cent of all profits and the defendants were to have the remaining seventy-five per cent and seventy-five per cent of the profits.

Paragraph III pleads the performance of the oral contract on the part of the plaintiff up to the time of the alleged breach.

From that point, the complaint reads:

## "IV

"The defendants, pretending to perform their part of the said contract of partnership, from time to time advanced sums of money to plaintiff to be used by plaintiff in defraying the necessary expenses involved in securing the said lease.

## "V

"Before said lease was ever procured, the defendants breached the terms and conditions of said contract and partnership agreement in the following respects, to wit: One H. B. Babbington on behalf of Langara Fishing & Packing Company had also filed an application with said Land Department of the Province of British Columbia for a lease to the same clam beds, causing a controversy to arise in said Land Department as to which applicant should be entitled to said lease; that the defendants, while pretending to carry out their partnership agreement with the plaintiff, deliberately neglected and refused to make the necessary advances of funds required to procure plaintiff's said lease in order that the application of said Babbington should be granted, and said defendants conspired and agreed with said Babbington that they would permit plaintiff's application to be defeated so that said Babbington might procure said lease, and that they, the defendants, and said Babbington should then share any such lease as might be granted.

## "VI

"That as a result of the defendants' breach of the said copartnership agreement, and the assistance furnished by said defendants to said Babbington, said lease was granted to said Babbington, who received same for himself and for the defendants herein; and said defendants in partnership, or association, with said Babbington are now engaged in operating and developing said razor clam beds, and in the construction of a clam cannery thereon for their mutual interest and benefit; that the defendants have a 75% interest in said business,

all of which was procured as a result of the breach of said partnership agreement.''

Paragraph VII pleads a demand on the part of the plaintiff upon the defendants for a twenty-five per cent interest in the clam and cannery business thus secured by them, and its refusal; alleges that he sustained great damage by reason of defendants' breach of the contract of partnership; and demands an accounting with respect to the whole subject matter.

The prayer of the complaint is for a full and complete accounting to the plaintiff, and that he be adjudged to be the owner of a twenty-five per cent interest in the defendants' share of the cannery enterprise, and that he have judgment against them for such amount as may be found to be owing, and for general relief.

Our statute (Rem. Comp. Stat., § 285) requires that pleadings shall be liberally construed, with a view to the administration of substantial justice; and this court, in a long line of cases reaching from territorial days down to *Stevens v. Sweitzer*, 117 Wash. 420, 201 Pac. 764, has cheerfully and willingly followed that rule.

[1] Under this rule of liberal construction, we hold that, as against a general demurrer, the complaint under consideration sufficiently alleges a binding contract of partnership. Under the same rule and under Rem. Comp. Stat., § 288, plaintiff's performance up to the time when further performance was, as averred, made impossible through the fault of the defendants, is sufficiently alleged. Likewise, the allegations are sufficient, as against a demurrer, to tender an issue as to a breach of the contract by defendants. While a contract of partnership may always be terminated by consent, and usually without consent on proper notice, enough is here pleaded to negative the idea of any

such termination; and, clearly, under our rule of construction, what is pleaded is a breach and not a termination of the partnership contract. Were it otherwise, yet the dissolution of the partnership would not of it-· self put an end to plaintiff's right to a share of the partnership assets. *Karrick v. Hannaman,* 168 U. S. 328.

[2] The partnership agreement was not void under the statute of frauds, because there is nothing on the face of the complaint to indicate that it was not performable within one year. 25 R. C. L., pp. 454 to 458.

[3] We come now to what seems to be the one and only serious question, and that is, whether the complaint sets forth a state of facts from which it can be deduced that plaintiff was in any manner damaged by defendants' breach of the partnership contract. If the partnership had run its course and no lease of the clam beds had been granted on the application which plaintiff had caused to be made, the defendants, it is true, might have advanced and lost more money, but the plaintiff and the partnership would not have benefited thereby. Plaintiff's counsel seems to argue that, plaintiff's performance having been prevented by defendants' breach, he need not plead or prove that he could have performed. That sounds plausible, but does not meet the real situation. Plaintiff nowhere pleads that he had any right to a lease of the clam beds, prior or otherwise; he nowhere pleads that he agreed to obtain such a lease for the partnership or that he could have done so under any circumstances or conditions. In other words, the complaint fails to show that there was even a possibility that, through plaintiff's application, the partnership, by the expenditure of any amount of money and the loyal support of the defendants, could ever have come into possession of a lease

of the clam beds. How, then, can it be said that the plaintiff was prevented from performing, or that he has suffered loss? Under the allegations of the complaint, it may well be that the defendants performed faithfully until it fully and clearly appeared that the plaintiff could not, under any circumstances or conditions, procure the lease which was essential to a partnership business and consequent profit, and then, when the loss of their then advances was certain, they may have entered into negotiations with one who had rights, without thereby assuming any legal obligation or liability to the plaintiff. In a word, then, the complaint as it stands, with the partnership contract and the breach admitted by the demurrer, fails utterly to show that such breach resulted in loss to the plaintiff, and of course there can be no recovery for breach of contract except when a loss is occasioned thereby.

Nor can this defect in the complaint be said to be cured by any of the conclusions pleaded in paragraphs V and VI. The averment of a deliberate neglect to advance funds, in order that the Babbington application should be granted, forms no basis for a deduction that plaintiff's application would have been granted but for such acts. The alleged conspiracy with Babbington furnishes no basis for a conclusion that such act or acts in any manner cut off a right which plaintiff had, and the words, ''That as a result of the defendants' breach of the said copartnership agreement and the assistance furnished by said defendants to the said Babbington, said lease was granted to said Babbington,''—while perhaps, at the very most under our liberal rule of construction, supplying the basis for a deduction that Babbington wrongfully obtained the lease,—fall far short of supporting a conclusion that plaintiff would, except for that, have obtained the lease, or that he was thereby deprived of any right.

The trial court was right in sustaining the demurrer, and the judgment appealed from is affirmed.

PARKER, MAIN, and MITCHELL, JJ., concur.

MACKINTOSH, J. (dissenting)—The complaint is sufficient to withstand a demurrer. I dissent.