**In re EVANS-FALCONE, Inc.**

District Court, E. D. Pennsylvania. Dec. 5, 1929.

No. 12544.

Hymen Schwartz, of Philadelphia, Pa., for petitioning creditors.

A. L. Shapiro and Harry Shapiro, both of Philadelphia, Pa., for alleged bankrupt.

THOMPSON, District Judge. The petitioning creditors are named as Eastern Roofing & Manufacturing Company, a copartnership consisting of William J. Moore and J. Thomas Akers; Globe Supply Company, a copartnership consisting of William J. Moore and J. Thomas Akers; and Max Gurevitch. The petition is signed by William J. Moore for the Eastern Roofing & Manufacturing Company, by J. Thomas Akers for the Globe Supply Company, and by Max Gurevitch.

The motion to dismiss sets out that the court is without jurisdiction to entertain the petition in bankruptcy because (1) it shows upon its face that it was not filed on behalf of more than two creditors, and (2) that it is not alleged that the respondent corporation has less than twelve creditors as required by section 59(b) of the Bankruptcy Act (11 US CA § 95(b) where there are less than three petitioning creditors. In support of the motion, it is contended that a partnership is not regarded as an entity in the law; that therefore there are not three petitioning creditors; and that the petition should be dismissed for want of jurisdiction.

While, under section 5(a) (11 USCA § 23(a) a partnership may be adjudged a bankrupt, yet there is no express provision in the act that a partnership, as an entity, not acting by one or more of the partners, may file a petition in bankruptcy.

In Karrick v. Hannaman, 168 U. S. at page 334, 18 S. Ct. 135, 138, 42 L. Ed. 484, Mr. Justice Gray summarized as follows the conclusions reached in Meehan v. Valentine, 145 U. S. 611, 12 S. Ct. 972, 36 L. Ed. 835: "A contract of partnership is one by which two or more persons agree to carry on a business for their common benefit, each contributing property or services, and having a community of interest in the profits. It is, in effect, a contract of mutual agency, each partner acting as a principal in his own behalf and as agent for his co-partner."

Applying that definition to the petition at bar, it is not necessary to rule upon the question whether a partnership, as petitioning creditor, is in the bankruptcy law a separate and distinct entity, inasmuch as one of the partners, Moore, has signed the petition on behalf of the Eastern Roofing & Manufacturing Company, and one of the partners, Akers, has signed on behalf of the Globe Supply Company, each acting as principal on his own behalf and as agent for his copartner. The fact, therefore, that Moore and Akers are each partners in the two firms is immaterial; the debts upon which they claim arising out of separate and distinct rights and liabilities.

The motion to dismiss is denied.