NEWMAN v. JACKSON.

No. 30891. May 11, 1943.

*138 P. 2d 76.*

Milsten & Milsten and James D. Johnston, all of Tulsa, for plaintiff in error.

Frank Leslie, of Tulsa, for defendant in error.

CORN, C. J. This is an action in replevin brought by L. B. Jackson against Jay Newman for possession of 10,254 feet, 1 inch of six-inch standard line pipe, and the plaintiff obtained possession of 8,461 feet and 1 inch of said line pipe under writ of replevin executed and returned by the sheriff. The defendant claimed an interest in the property under an alleged agreement with the plaintiff and contested his right to

462

possession of it. The cause was tried to a jury and the jury found in favor of the plaintiff, and judgment was rendered accordingly. From said judgment the defendant has brought this appeal. The parties will continue to be referred to herein as plaintiff and defendant as they appeared in the trial court.

The defendant predicates error upon his claim of joint ownership with the plaintiff of the property under an alleged contract of joint adventure, on the theory that partnership property is not subject to replevin by one partner against another until partnership rights are determined and settled.

The only issue in the case was one of ownership and title, and the determination of that issue depended upon whether or not the parties entered into a joint adventure in connection with the property. That question was submitted to the jury by a special interrogatory, as follows:

"Did plaintiff and defendant enter upon a joint adventure in connection with approximately 19,000 feet of six-inch standard line pipe, whereby plaintiff was to advance the money to purchase said pipe and defendant was to take possession of and market the same with an agreement to repay plaintiff his original money advanced for the purchase of the pipe, and in addition thereto to pay plaintiff 40% of such profits as defendant might realize from marketing said pipe?"

The jury answered in the negative.

The defendant was engaged in the business of buying and selling oil field supplies under the trade-name of West Tulsa Pipe & Supply Co., and the plaintiff was an oil operator who at times purchased such supplies from the defendant. The transactions involved in this case arose in the following manner. The defendant told plaintiff that he knew where this line pipe could be purchased near Oklahoma City and that he could get it for $2,000 plus the expense of taking up the line and hauling the pipe to Tulsa. The plaintiff became interested in the proposition and authorized defendant to purchase it and

remove it to his yards in Tulsa, and the plaintiff paid the purchase price of the pipe and paid all the expense incident to taking up the line and hauling it to Tulsa. There is no dispute as to these facts.

When the plaintiff issued his check to the owner of the pipe he had defendant sign the following letter, to wit:

"Mr. L. B. Jackson,
"635 Kennedy Building,
"Tulsa, Oklahoma.

"Dear Sir: For the consideration of $2,000.00, cash in hand, receipt of which is hereby acknowledged, I have issued you a bill of sale covering approximately 19,000 ft. of 6" standard line pipe, in Oklahoma county, Oklahoma; that I agree without cost to except the charge of taking said pipe up, to sell the same and to return to you the $2,000.00, which you have this day paid me, and 40% of my profit made on said transaction. The initial investment of $2,000.00 not to exceed 5 cents per foot for placing said pipe on the ground. Yours truly, (Signed) Jay Newman."

The plaintiff introduced the foregoing letter in evidence for the purpose of showing that he intended from the beginning to retain title to the property. He testified that the defendant had no interest in the property, except the right to a commission on any of it that he might sell; that he agreed to buy the pipe and place it in the defendant's yard for sale; that the defendant at the time thought he could sell it within 60 days; that he told the defendant if he could not sell the pipe, he, the plaintiff, would use it himself; that at the end of 17 months the pipe had not been sold, and he demanded possession for his own use, and for the first time the defendant claimed an interest in it, and refused to give up possession.

It also appears from the record that the plaintiff paid $1,300 to have the pipe pulled, and in addition to that the expenses of having it hauled to Tulsa; and that all expense for labor in reconditioning the pipe was charged to plaintiff. The record further shows that the defendant sold some of the pipe and divid-

ed the net profits with the plaintiff on the 60-40 per cent basis indicated in the letter contract above set out.

The defendant denied that there was any agreement to sell the pipe in 60 days, but we cannot see how this would materially affect or have any bearing upon the nature of the relation of the parties with reference to the property. The plaintiff contends that the defendant was acting merely as an agent or broker to sell the property upon a stipulated commission, and that it was never intended as a partnership or joint adventure enterprise.

We consider the evidence sufficient to sustain the findings and verdict of the jury that the parties did not intend to form a partnership or to enter into a contract of joint adventure in connection with the property involved, and that it was the intention of the parties that the plaintiff should retain the title to the property, and that the plaintiff was entitled to prevail in the replevin action.

It is further contended by the defendant that the court erred in permitting the introduction of oral evidence tending to vary the terms of a written contract, and the giving of an instruction on the controverted question in regard to the alleged oral agreement to sell the property in 60 days.

We do not consider this as error for the reason that no time was specified in the contract for its performance, and where the time became a material issue, oral evidence was admissible, not to vary any written terms of the contract, but to show what was contemplated by the parties at the time as to what a reasonable time would be either to perform or to terminate the contract. Nor was it error to submit this controverted question of fact to the jury by a proper instruction.

In the case of Campbell v. Smith, 106 Okla. 26, 232 P. 844, this court said:

"The usual test of a partnership as between parties to a joint adventure is their intent to become partners.

"The relation of joint adventurers is governed by the principles which constitute and control the law of partnership. 15 R. C. L. 500.

"Every partnership rests on the mutual consent of the members. 20 R. C. L. 832; Karrick v. Hannaman, 168 U. S. 328, 18 S. Ct. 135.

"If the parties do not intend to become partners, ordinarily they cannot be considered as such. 17 Am. & Eng. Enc. Law (1st Ed.) 832, 833, and authorities there cited."

The verdict and judgment are amply supported by the evidence.

Judgment affirmed.

GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.