## HOLMES v. KEETS.

No. 9005.

United States Court of Appeals

District of Columbia.

Argued Dec. 11, 1945.

Decided Jan. 21, 1946.

Mr. George E. C. Hayes, of Washington, D. C., for appellant.

Mr. Vernon Booth Lowrey, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

This is an appeal from a judgment of the District Court of the United States for the District of Columbia, dismissing a complaint in which appellant sought a determination of partnership rights.[1]

The case was tried on an "Agreed Statement of Fact" which recited that appellant and appellee, in August, 1942, entered into a partnership agreement for the operation of the Whitelaw Hotel; that for many years prior to the agreement both parties had engaged separately in the business of operating rental properties in the City of Washington, and that each knew generally of the other's business activities; that appellee owned and operated the Henry Hotel, next adjacent on the south to the Whitelaw Hotel, at the time of the partnership agreement, and that appellant was fully aware of this fact; that appellee also owned the property adjacent to the Henry Hotel, and that appellant had full knowledge of the existence and condition of this property; and that subsequent to 1942 appellee razed three frame structures on this latter property and built, in place thereof, a new 25-room brick building joined to the Henry Hotel and more than doubling the capacity of that structure. Appellant considers the building of this addition to be in conflict with the partnership agreement and seeks to have the addition declared a partnership asset.

It is true, as appellant contends, that business relations between partners should be characterized by the utmost good faith. A partner cannot surreptitiously or flagrantly compete on his own behalf with the partnership business, and pocket the profits of this competition to the exclusion of his ignorant or helpless partner. These elements of partnership law, forcefully set out by the appellant, are well established and completely supported by authorities.[2]

However, it is equally true that a partnership cannot exist without an agreement, express or implied, and that the relations of the partners to one another are controlled by the terms of that agreement, voluntarily entered into.[3] Latta v. Kilbourn,[4] relied on by both parties in the present case, clearly shows the importance of the partnership agreement in this respect. In that case the Supreme Court minutely examined the details of the oral agreement in order to determine whether certain disputed transactions fell within the scope of the partnership. The

[1] Holmes v. Keets, D.C.1945, 58 F. Supp. 660.

[2] Latta v. Kilbourn, 1893, 150 U.S. 524, 14 S.Ct. 201, 37 L.Ed. 1169; 40 Am. Jur. § 128 et seq. and cases cited therein.

[3] Winship et al. v. Bank of United States, 1831, 30 U.S. 529, 561, 562, 5 Pet. 529, 561, 562, 8 L.Ed. 216; Karrick v. Hannaman, 1897, 168 U.S. 328, 334, 18 S.Ct. 135, 42 L.Ed. 484; Kasch v. Commissioner of Internal Revenue, 5 Cir., 1933, 63 F.2d 466, 468, certiorari denied, 1933, 290 U.S. 644, 54 S.Ct. 62, 78 L.Ed. 559.

[4] 1893, 150 U.S. 524, 541, 14 S.Ct. 201, 207, 37 L.Ed. 1169.

134

Court discussed the good faith inherent in the relationship between partners at great length and clearly, but that discussion was in the light of the partnership agreement in that case. So, in examining the good faith of the partners in this case, the agreement between them must be kept in sight.

■ The contract of the partners herein appears in detail in fifteen articles set out in writing and signed by the partners. Article II of that agreement reads as follows:

"Article II: The purpose and business of said partnership shall be to conduct *a hotel, or apartment, or apartment hotel, known as The Whitelaw Hotel,* located at Thirteenth and T Streets, N. W., Washington, D. C., in the conduct of such business to do any and all things incident thereto, or connected therewith." (Italics supplied.)

From the language quoted, it seems clear that the partners intended to operate, as partners, the single named hotel.

■ A partnership agreement is a contract, and is interpreted according to the principles of contract law. If there be an ambiguity, or as in this case a disagreement between the contracting parties as to the meaning or the scope of one of the contractual provisions, the court will look to the intent of the parties, as shown by the face of the document and in the light of the facts and circumstances attendant on the making of the contract.[5] Therefore, we turn to the "Agreed Statement of Fact," where it appears, by appellant's own admission, that he knew, when he signed the partnership agreement, that appellee owned the Henry Hotel and the partially improved realty immediately adjacent to it. It seems entirely reasonable that this knowledge should charge appellant with constructive notice of probable improvements to the Henry Hotel and that any such improvements would almost certainly make use of the adjoining property. The parties were neither unintelligent nor novices in business. Both were experienced and successful business men dealing over a long period of time in rental properties.

In the face of these facts, the court is asked to hold that this was an agreement to enter the hotel business generally. To do so would be to ignore the fact that one partner was already a competitor in the hotel business at the time of the agreement, and to hold that good faith restrains that competing partner from increasing this competition by making ordinary, foreseeable improvements in his hotel business. It cannot be assumed that appellant, an experienced business man, expected appellee never to improve or seek to improve the business of the Henry Hotel, of which he was sole owner.

■ For the reasons outlined in this opinion, we conclude that this partnership agreement was entered into with the knowledge that the Henry Hotel was a competitor and that this competition might, in the ordinary course of events, increase. The addition to the Henry Hotel is not within the scope of this partnership and the appellee has not breached the partnership agreement in the respects claimed. This is substantially the position adopted by the lower court, and the decision of that court is, therefore, affirmed.

Affirmed.

[5] Commissioner of Internal Revenue v. Olds, 6 Cir., 1932, 60 F.2d 252, 254; 3 Williston, Contracts (Williston and Thompson ed. 1936) §§ 601, 618, 629; see also cases cited supra note 3.