SLOVITER, Circuit Judge,

concurring.

I agree with the majority’s conclusion that the Ben Franklin Hotel Associates (“BFHA”) bankruptcy does not bar appel-lee B.F. General Associates (“B.F.General”) from demanding an equitable remedy for its exclusion from the BFHA partnership, because that demand is not a “claim” or “debt” within the meaning of the Bankruptcy Code. I further agree with the ma *310 jority that the standard for determining whether the demand for an equitable remedy is to be treated as a claim in bankruptcy was established by the Supreme Court’s decision in Ohio v. Kovacs, 469 U.S. 274, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985), and our decision in Air Line Pilots Association v. Continental Airlines (In re Continental Airlines), 125 F.3d 120 (3d Cir.1997). The import of those decisions is that a demand for an equitable remedy will be deemed a claim when an adequate alternative remedy exists at law in the form of the payment of monetary damages. I write separately because I reach the conclusion that monetary damages are not an alternative in this case by a substantially different route than does the majority.
The majority suggests that “[a]s a limited partnership that has as its primary asset a piece of real property that the Bankruptcy Court characterized as a “well known landmark,’ ... Ben Franklin clearly constitutes a unique business opportunity for its owners,” and further opines that “[u]nder Pennsylvania law, money damages are generally not regarded as [an] adequate remedy for the loss of such a business opportunity.” See Majority Op. at 306-07. I can find no support for the majority’s implicit proposition that the type of property owned by a partnership affects either the nature of a partner’s interest in the partnership or the remedies available to the partner when that interest is wrongfully denied. The majority has cited no cases adopting this proposition. See Maj. Op. at 308-09 (conceding that none of the cases it cites concerned the remedies available to a wrongfully excluded partner). Indeed, courts interpreting the Uniform Partnership Act to which Pennsylvania adheres have held that a “partner’s interest in the partnership is personal property, irrespective of the physical character of the property of the partnership.” Ewing v. Caldwell, 243 N.C. 18, 89 S.E.2d 774, 778 (1955).
Rather than base our decision on the nature of the property BFHA owns, I would rely on established principles of partnership law. In general, upon the wrongful, dissolution and termination of a partnership, the excluded partner is entitled to bring an action at law, alleging breach of the partnership contract and seeking to recover the profits s/he would have received in the absence of the wrongful dissolution. See, e.g., Karrick v. Hannaman, 168 U.S. 328, 337, 18 S.Ct. 135, 42 LJEd. 484 (1897); Uniform Partnership Act § 38 (1914). If the business of the partnership is continued in the excluded partner’s absence, that partner is also entitled to seek in equity a formal account of the profits from which s/he has been excluded. See, e.g., Karrick, 168 U.S. at 337, 18 S.Ct. 135; Uniform Partnership Act § 22 (1914). Rarely, if ever, will a court specifically compel the performance of a partnership contract because that contract is essentially personal in character. See, e.g., Karrick, 168. U.S. at 334-35, 18 S.Ct. 135 (remarking that “[n]o partnership can efficiently or beneficially carry on its business without the mutual confidence and cooperation of all the partners.”).
In this case, the partnership business is continuing in B.F. General’s absence. The question before this court therefore is whether Pennsylvania provides a remedy at law that can adequately substitute for B.F. General’s asserted equitable right to an accounting.
Pennsylvania law recognizes that a remedy for wrongful dissolution “may be sought, sometimes in an action at law, sometimes in equity,” Donatelli v. Carino, 384 Pa. 582, 122 A.2d 36, 37 (1956). In most cases, however, resort must be had to proceedings in equity. See id. at 38. A remedy at law is available only where “the partnership was for a single transaction, or ... the accounting required was not complicated, or ... the business ha[s] been wound up, all partnership matters settled, and a balance determined to be due.” Id. In all other cases, the Pennsylvania Supreme Court has held that “the flexible methods of equity are better adapted to *311 accomplish the proper distribution of the assets of the partnership and to determine the relative rights and obligations of the partners.” Id.
This case does not fall within any of the categories of exceptional cases in which an action at law is permitted under Pennsylvania law. The partnership was not for a single transaction, but for the continuous operation of a hotel business. Nor is the accounting that will be required a simple one. The parties were in partnership for a significant period prior to B.F. General’s exclusion and the history of their dealings in that capacity will have to be analyzed to determine the parties’ current rights and obligations. And, the business of BFHA has not been wound up. Indeed, the purpose of the chapter 11 filing is to permit that business to continue on firmer financial footing. I therefore conclude that B.F. General has no alternative right to recover lost profits at law and that, as a consequence, its asserted equitable right to such an accounting has not been discharged in bankruptcy.