LEO MARKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4774. Promulgated April 9, 1946.

*Arthur A. Miller, Esq., David A. Kaufman, Esq.,* and *I. R. Miller, C. P. A.,* for the petitioner.

*William F. Robinson, Esq.,* and *Lawrence R. Bloomenthal, Esq.,* for the respondent.

---

[1] *Commissioner* v. *Tower,* 327 U. S. 280.

660

662

OPINION.

SMITH, *Judge*: The only questiton with which we are here concerned is whether the partnership which existed between the petitioner and his wife for the fiscal year ended January 31, 1942, is a partnership to be recognized for income tax purposes.

In *Lusthaus* v. *Commissioner*, 327 U. S. 293, it is said:

\* \* \* The term "partnership" as used in Section 182, Internal Revenue Code, means ordinary partnerships. *Burk-Waggoner Assn.* v. *Hopkins*, 269 U. S.

110, 113. When two or more people contribute property or services to an enterprise and agree to share the proceeds, they are partners.[5] * * *

[5] *Campbell* v. *Northwest Eckington Co.,* 229 U. S. 561, 580; *Karrick* v. *Hannaman,* 168 U. S. 328, 334; *Meehan* v. *Valentine,* 145 U. S. 611, 618; *Berthold* v. *Goldsmith,* 24 How. 536, 541; *Ward* v. *Thompson,* 22 How. 330, 334.

In *Commissioner* v. *Tower,* 327 U. S. 280, it is said:

There can be no question that a wife and husband may, under certain circumstances, become partners for tax, as for other purposes. If she either invests capital originating with her or substantially contributes to the control and management of the business, or otherwise performs vital additional services, or does all of these things she may be a partner as contemplated by 26 U. S. C. §§ 181, 182. The Tax Court has recognized that under such circumstances the income belongs to the wife. A wife may become a general or a limited partner with her husband. * * *

See also *H. D. Webster,* 4 T. C. 1169.

In the instant proceeding the respondent submits that Mollie S. Marks brought no new capital into the business at the time she was made a partner by virtue of the partnership agreement executed February 1, 1941. It is not necessary, however, that a wife bring new capital into the partnership if in point of fact she renders valuable services to the business. We are satisfied from the evidence that Mollie S. Marks contributed very valuable services to the business which was operated in the name of her husband. This is plain from the depositions of numerous deponents. We are satisfied that the services rendered by Mollie to the jewelry business conducted in the name of the petitioner during the taxable years were not intermittent, negligible, or inconsequential. They were continuous and valuable services. The evidence abundantly shows that the prosperity of the business was materially contributed to by Mollie; not only did she spend a lifetime of labor in the business, but she had an original contribution of capital in it. Cf. *Felix Zukaitis,* 3 T. C. 814. The partnership which existed between petitioner and his wife for the fiscal year ended January 31, 1942, was an ordinary business partnership within the contemplation of the taxing statute.

Reviewed by the Court.

*Decision will be entered under Rule 50.*