SAMUEL GOODMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5248.   Promulgated May 8, 1946.

*John A. McCann, Esq.*, for the petitioner.
*Brooks Fullerton, Esq.*, for the respondent.

## OPINION.

Smith, *Judge*: In the recent case of *Commissioner* v. *Tower*, 327 U. S. 280, the Supreme Court said:

There can be no question that a wife and husband may, under certain circum stances, become partners for tax, as for other, purposes. If she either invests capital originating with her or substantially contributes to the control and management of the business, or otherwise performs vital additional services, or does all of these things she may be a partner as contemplated by 26 U. S. C. §§ 181, 182. The Tax Court has recognized that under such circumstances the income belongs to the wife. * * *

The evidence in this case, we think, shows ample support for a business partnership between petitioner and his wife, under the tests laid down by the Supreme Court in the *Tower* case and in *Lusthaus* v. *Commissioner*, 327 U. S. 293. See also *Felix Zukaitis*, 3 T. C. 814; *H. D. Webster*, 4 T. C. 1169; and *Francis A. Parker*, 6 T. C. 974.

The wife here contributed regular and valuable services which were a material factor in the production of the income. This was not a business where the income was attributable primarily to the employment of capital or to the personal services of the petitioner. Cf.

*William G. Harvey*, 6 T. C. 653. We assume that the capital used in the business was all furnished by the petitioner, at least it all originated with him. *Commissioner* v. *Tower, supra.* The wife's status as a partner does not depend upon petitioner's alleged gift to her of the one-fourth interest in the business, but rather upon the personal services which she contributed. Her share of the profits of the business is therefore not limited to the amount to which she would be equitably entitled as a return on that portion of the capital. See *William F. Fischer*, 5 T. C. 507. It can not be said either that all or any more than one-half of the profits are taxable to petitioner as his personal earnings under the rule of *Lucas* v. *Earl*, 281 U. S. 111. We have determined that the wife's personal services were ample to support the partnership agreement, and under that agreement she was entitled to receive and did receive one-half of the profits of the business. Petitioner is therefore taxable on only his one-half of such profits.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

DISNEY, *J.*, dissenting: In this case, and referring to the wife, there was no "capital originating with her." *Commissioner* v. *Tower*, 327 U. S. 280. Her husband gave her a fourth interest in the capital employed. Her services are depended on by the majority to raise her interest in the income to one-half. Assuming that the gift from her husband was proper basis for partnership, the wife as a partner was, by Pennsylvania law, specifically denied any right to remuneration for her services. Purdon's Statutes of Pennsylvania, Title 59, art. 51 (f). She was, as a partner, by general law (in the absence of agreement otherwise, and none appears) required "to devote her time and efforts to a reasonable extent to the partnership business." 47 C. J. 786. She "devoted all of her working time to the business." How much working time that was, nowhere appears. Certainly it is not shown that she devoted more time than the ownership of one-fourth of the business reasonably required. I see in her services to the business nothing to justify paying her not one-fourth, but one-half of the income. The additional one-fourth appears to me to be a gift from the husband, and taxable to him. His gift of only one-fourth of the capital seems logically to preclude any other conclusion. I therefore dissent.

HARRON and OPPER, *JJ.*, agree with this dissent.