Sinne B. Forsythe, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 10920.    Promulgated March 11, 1948.

*Clarke W. McCants, Esq.*, and *Clint T. Graydon, Esq.*, for the petitioner.

*Edward L. Potter, Esq.*, for the respondent.

OPINION.

JOHNSON, *Judge*: Respondent defends the determination that petitioner is taxable on the entire income of the business operated under the name of Columbia Dairies, invoking *Commissioner* v. *Tower*, 327 U. S. 280, which, with the related opinion in *Lusthaus* v. *Commissioner*, 327 U. S. 293, has been expounded in numerous opinions involving the recognition of family partnerships for income tax purposes. See *Simmons* v. *Commissioner* (C. C. A., 5th Cir.), 164 Fed. (2d) 220. Under the doctrine so established the Commissioner is warranted in ignoring a partnership between husband and wife, although valid under state law, if the wife has not contributed either capital or vital services to the business and the husband's economic interest has not been changed, the arrangement being in effect no more than "a mere paper reallocation of income among the family members." *Commissioner* v. *Tower, supra.* But in approving this view the Supreme Court referred only to a partnership which the evidence showed to be superficial or pretended, and expressly observed that a wife may be recognized as a taxable partner:

\* \* \* If she either invests capital originating with her or substantially contributes to the control and management of the business, or otherwise performs additional services \* \* \*

The question, it made plain, is one of fact, and:

\* \* \* To decide who worked for, otherwise created or controlled the income, all steps in the process of earning the profits must be taken into consideration. See *Commissioner* v. *Court Holding Co.*, 324 U. S. 331, 334. Of course, the question of legal ownership of the capital purportedly contributed by a wife will frequently throw light on the broader question of whether an alleged partnership is real or pretended. \* \* \*

To bring his determination here within the ambit of that doctrine, respondent minimizes the wife's contribution to the business and denies that she made major decisions, and, stressing services of the dairy's staff of employees, qualifies the duties performed by her as clerical in nature, such as "taking orders over the telephone for dairy products, making retail sales at the office, checking on drivers, delivering milk, investigating accidents and other routine matters."

We are unable to agree that the duties listed were routine or that the list given is complete. The evidence indicates and we have found that the wife discharged the duties which had of necessity devolved on Ferguson. Inexperienced at first, she increased in competence and during the taxable year was acting effectively as office manager. She not only attended customers, adjusted complaints, and supervised deliveries, but also negotiated Army contracts, dealt directly with officials administering Government emergency regulations and with the public health officers, handled claims and legal controversies arising from accidents and disputed bills, conferred with attorneys, and, in general, took care of matters with which the director of an enterprise is normally concerned. Petitioner himself continued, as before, in charge of the farms and livestock. He testified, and we can well believe, that because of the misfortune of illiteracy he was incompetent to direct many vital phases of the business, which his wife assumed, and that without her collaboration he would have sold his interest in the dairy rather than attempt it. The attorney for the Ferguson heirs was also of opinion that petitioner could not have carried on alone, and testified that he had insisted on making the sale to the wife when he learned that petitioner could not read and write.

Two employees, two attorneys, the public health officer, the veterinary surgeon, and the son-in-law of Susan Ames Taylor, all of whom were in business contact with the Columbia Dairies, agree in testimony indicating that Ruth Parks Forsythe gave her time and attention to the business constantly and zealously; that she assumed responsibility and exercised authority; and that petitioner was entirely dependent on her in matters involving documents, accounting, legal requirements,

and controversies. Petitioner's own testimony is eloquent to this effect:

I would not run [the business] one week. I wouldn't even try it if I didn't have her in there. * * * I couldn't trust nobody but Ruth. I'll trust her, nobody else. I know they fool you if you can't read.

The picture emerging from the evidence adduced is that of a wife who supported her husband with loyalty, zeal, and courage beyond the ordinary in confronting and mastering an emergency in his business, which the handicap of illiteracy rendered him incapable of overcoming. Her services were vital to that business in the very literal sense that, without them, he could not have continued it, and, as this test in circumstances such as we have here is sufficient to warrant the recognition of her partnership interest for tax purposes, *Francis A. Parker*, 6 T. C. 974; *Leo Marks*, 6 T. C. 659, we hold that the Commissioner erred including any part of the wife's share of partnership profits in petitioner's income. Cf. *Wilson* v. *Commissioner* (C. C. A., 7th Cir.), 161 Fed. (2d) 661; *Singletary* v. *Commissioner* (C. C. A., 5th Cir.), 155 Fed. (2d) 207; *Samuel Goodman*, 6 T. C. 987.

We are also of opinion that the wife contributed capital. There could be no mere reallocation of income between the members of a family here, for petitioner was never the owner of the half interest transferred to the wife and, hence, was never in a position to make a reallocation. While true that the wife had only $500 at the time of her purchase of the interest and payments of the price were made by her with loans from petitioner, and that his half interest in partnership assets provided part of the security for payment and the credit extended her, such arrangements do not necessarily indicate a sham. As said by this Court in *S. Kenneth Alexander*, 6 T. C. 804:

* * * We see nothing here that a husband might not reasonably do in assisting his wife, and not himself, to acquire another's partnership interest. * * * The petitioner is not shown to have received, or to have had the right to receive the profits from the purchased partnership interest.

The same observations are valid here. In both cases the husband assisted the wife in procuring and securing loans which were paid with partnership profits; the husband's personal loans had not been repaid at the time of hearing; and the wife's partnership interest was derived from one other than the husband to keep the business in the family.

*Decision will be entered under Rule 50.*