W. R. Frank Hines v. Commissioner.
W. Hines v. Commissioner
Docket No. 11877.
United States Tax Court
1948 Tax Ct. Memo LEXIS 219; 7 T.C.M. (CCH) 219; T.C.M. (RIA) 48049; April 12, 1948
*219 H. Cecil Kilpatrick, Esq., for the petitioner. E. L. Corbin, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: The Commissioner determined a deficiency of $24,427.86 in petitioner's income and victory tax for 1943, in part by including in income 25 percent of the profits of an undertaking business for the period April 1-December 31, 1943, which profits were credited to his sister pursuant to a partnership agreement between them dated April 1, 1943. Petitioner contends that his sister rendered vital services to the business and should be recognized as a partner for tax purposes, and in the alternative that her services were reasonably worth $31,424.75, which amount should be allowed as a deduction. Findings of Fact Petitioner, a resident of Washington, D.C., filed his income tax return for 1943 with the collector of internal revenue for the district of Maryland. He has been engaged all of his active life as a funeral director and embalmer, first aiding in the business conducted by his father and in 1920 taking over that business and operating it as his individual enterprise under the trade name of S. H. Hines Company. In *220 1920 the business was small and insolvent, but under his management prospered steadily over the years, the number of funerals conducted in 1927 being 316; in 1943, 1,245. In 1926 petitioner employed his sister, Mrs. Marion Hines Taylor, to assist him, at an annual salary of $1,680. To accept this work she resigned a position with the Federal Government and has since actively participated in the funeral business. She is a graduate of a teachers' college; studied law at a night school, and was admitted to the Bar of the District of Columbia in 1927. She is a registered funeral director, and on occasions has conducted funerals, but normally petitioner performs this service while she has charge of administration, supervising collections, disbursements, accounts and personnel. She has had authority to sign checks since prior to 1936; normally employed all the firm's female personnel, and was consulted about the employment and discharge of others. During petitioner's absences from Washington she took complete charge of the business. When petitioner made extended trips covering six months of 1936, he left with her a witnessed authorization to do so, and in his will, signed in February 1938, *221 bequeathed the business to the sister and his attorney as trustees, directing that they continue its operation and pay the income in equal parts to his wife, two daughters and two sisters. She is normally at the place of business from 9:00 A.M. to 5:30 P.M. or later each working day, and is recognized as an executive by the firm's employees, and others. Petitioner consults her on matters of business policy, which they usually decide jointly. When he is out of the city, she alone makes such decisions. Both have never been absent at the same time. Petitioner paid his sister for her services an annual salary of $2,400 during the years 1929-1935, $3,200 in 1936, $10,400 in 1937, $7,200 in 1938, $7,700 in 1939, and $8,300 thereafter. During the years 1937-1942 the net income of the business was as follows: Year
Net Income
1937
$122,152.91
1938
92,671.96
1939
81,299.00
1940
128,165.37
1941
90,549.46
1942
112,090.76
During 1942 petitioner advised his attorney that he wished "to do something" for his sister in recognition of her long service, thinking "it was only right that she should be protected." After numerous discussions the attorney prepared and petitioner *222 and the sister signed an agreement, declaring themselves partners in the undertaking business for the term of ten years from April 1, 1943, and agreeing to devote their efforts diligently and exclusively to the business of the partnership. It was provided that out of the annual net profits realized petitioner should receive 75 percent and the sister 25 percent as their respective shares, and each was entitled to make from current earnings monthly withdrawals of which proper account should be taken in the annual division of income. By one year's notice either partner could terminate the partnership before ten years. Upon dissolution of the partnership by expiration of the term or by notice, its net properties were to be divided between the partners in the same proportions as the profits, but it was expressly stipulated that title to real and personal estate used in the business should not vest in the sister, and that on dissolution the firm name and good will should revert to petitioner. Among matters discussed with the attorney in the creation of the partnership were its tax consequences. After April 1, 1943, the sister continued to render the same services as before. These services *223 contributed substantially to the control and management of the business, which then employed between 40 and 50 persons. During the year she made withdrawals aggregating $13,318.69; petitioner withdrew $87,000. Net profits of $122,476.19 were earned and reported by the partnership during the period April 1-December 31, 1943, of which $91,857.14 was credited to petitioner, and $30,619.05 to the sister. At the close of the year petitioner's capital account with the partnership showed a balance of $395,381.68; the sister's, $17,300.36, representing the undrawn portion of her share of the profits. Since 1943 the sister has continued to withdraw a substantial part of the profits credited to her. The sister is married, living with her husband, and petitioner has never contributed to her support. Petitioner is married, has two daughters and another sister, none of whom has been associated with him as a partner Opinion The Commissioner included the entire profits of the partnership for the period April 1-December 31, 1943, in petitioner's income, adding to the share which petitioner reported, the $30,619.05 credited to the sister. He defends that determination, arguing that the partnership *224 should not be recognized for tax purposes because the agreement on which it was based represented nothing more than an assignment of future income to a close relative and does not relieve the assignor of tax on that income under the holding in Lucas v. Earl, 281 U.S. 111. As a supporting premise, he alleges that the chief income-producing factor was capital, to which the sister made no contribution. We can not agree with either the premise or the argument. While capital was used, the business was built up over the years from insolvency to prosperity initially by petitioner's efforts and after 1926 by the joint efforts of petitioner and his sister. The evidence is convincing that the sister not only applied her time and attention to its affairs with diligence and constancy but while still an employee, shared with petitioner the burdens of management and performed executive duties of a responsible character. While the family relation between the two invites a close scrutiny of the bona fides of their intention to create a partnership and of the substance attaching to their conduct of it, Harry C. Fisher, 29 B.T.A. 1041; affd. (C.C.A., 2nd Cir.), 74 Fed. (2d) 1014, *225 the facts established in our opinion refute the view that the agreement was designed merely to evade taxes or that in carrying it out petitioner retained over the business and its profits the same control and dominion that he had before enjoyed. In many prior cases this and other courts have disregarded for tax purposes partnership arrangements whereby the owner of a business channelled to his wife, children or close relatives income produced by his capital or efforts. Fletcher v. Commissioner (C.C.A., 2nd Cir.), 164 Fed. (2d) 182; Supornick v. Commissioner ( C.C.A., 8th Cir.), 150 Fed. (2d) 110; M. M. Monroe, 7 T.C. 278; John Lang, 7 T.C. 6; D. H. McEachern, 5 T.C. 23. But in approving disregard of a husbandwife partnership, the Supreme Court in Commissioner v. Tower, 327 U.S. 280, added: "There can be no question that a wife and a husband may, under certain circumstances, become partners for tax, as for other, purposes. If she either invests capital originating with her or substantially contributes to the control and management of the business, or otherwise performs vital additional services, or does *226 all of these things, she may be a partner as contemplated by 26 U.S.C. §§ 181, 182, 26 U.S.C.A. Int. Rev. Code, §§ 181, 182. * * *" The evidence here establishes and we have found that the sister did render services which contributed substantially to the control and management of the business. Her many years' experience as an employee had fully qualified her for the work which she performed as a partner, and to this work she devoted her full time and attention, observing regular office hours. She normally had charge of accounts and finances; was authorized to sign checks; supervised personnel, collections and disbursements, and was consulted by petitioner on matters of policy, which they jointly decided. When absent from Washington, petitioner had left her in complete control, and had further recognized her competence by directing in his will that she conduct the business in case of his death, the firm's attorney being joined as a testamentary trustee for its continued operation. Since she rendered vital services, it is immaterial that she did not contribute capital, Francis A. Parker, 6 T.C. 974; Leo Marks, 6 T.C. 659, *227 or that she had rendered similar services before the partnership was created. Samuel Goodman, 6 T.C. 987. Petitioner's association of her in the business as a partner was in recognition of such services; the crediting of her share of profits and the substantial withdrawals by her are indicative that both parties gave substantive effect to the agreement, and while petitioner was advised of tax consequences, nothing in the record gives color to the view that either in conception or operation the partnership was designed for tax evasion. We are of opinion that the Commissioner erred in including in petitioner's income the share of partnership profits credited to the sister. Cf. Wilson v. Commissioner (C.C.A., 7th Cir.), 161 Fed. (2d) 661; Singletary v. Commissioner ( C.C.A., 5th Cir.), 155 Fed. (2d) 207; Sinne B. Forsythe, 10 T.C. 417, promulgated March 11, 1948; William E. Grace, 10 T.C. 1, promulgated January 6, 1948. Decision will be entered under Rule 50.