OPINION. HaRLan, Judge: The above findings of fact would seem to dispose of the question of law without much discussion. The Supreme Court of the United States, in Commissioner v. Tower, 327 U. S. 280, stated that important elements to be considered in determining whether a husband-wife partnership was valid for income tax purposes were the origin of the partnership capital, the contribution to the control and management of the business by the husband and wife, the performing of vital services by the partners, and a combination of all of the above factors,.together with all other surrounding circumstances. In the case at bar the original capital which initiated the business was $1,100 produced by the wife and $1,400 borrowed and produced by the husband. The $1,400 originating with the husband was subsequently withdrawn from the business income and repaid to the lender. Thus, of all of the capital which supported and maintained the business in its initial years, the $1,100 produced by the wife was the only item that remained in the business throughout its growth and expansion. The fact is undisputed that the initial idea of entering into the coal business arose from Edna Depue, to whom, therefore, the very foundation of her husband’s increase in income from $23 per week to $35,000 a year may be attributed. Furthermore, her very substantial participation in the active work, including the management of the business, during its first five years of existence and her continuation of this activity with but slight modification during the next five year's, as well as her assistance to her husband up to the formation of the written contract agreement in 1944, constituted a contribution to the business in 1944 equivalent to a tangible contribution of money and material. Paul L. Kuzmick, 11 T. C. 288; Samuel Goodman, 6 T. C. 987. We do not place the same importance as does the Commissioner on the fact that Frederick Depue filed the income tax returns during this period in his individual name. The evidence shows that Frederick and Edna were very busily engaged in developing a new business during these early years and, without any especial experience or advice in tax matters, it would have been an easy matter to overlook the desirability of one form of reporting income over another. The United States Supreme Court, in the recent case of Culbertson v. Commissioner, 337 U. S. 733, has in effect reasserted the law as laid down in the Tower case and has emphasized the fact that for a valid partnership there must be an intention of the parties to enter into a partnership relationship at the time the tax status of a partnership is sought by the taxpayer. The Court said: “the parties, in good faith and acting with a business purpose, intended to join together in the •present conduct of the enterprise.” (Italics supplied.) In the case at bar not only the direct testimony of Edna Depue, but the surrounding circumstances of the conduct of. the business of Edna Depue and her husband all indicate that Edna and Frederick Depue considered themselves partners in this business from the very beginning. They shared the responsibility, they shared the work, and the income from the enterprise not needed for business expansion they devoted to their common use. The purpose of the written contract entered into in 1944 was merely to give formal notice to the public and the employees as to the present existence of the partnership. From all of the facts in this case, including the showing of an initial contribution to capital of $1,100 by Edna, her vital services in the formative years of the business prior to the formation of the partnership, and her important service to the partnership during the taxable year, we are convinced that the partnership of Frederick A. Depue and Edna H. Depue doing business as F. A. Depue was a bona fide partnership for the purpose of taxation and for all other purposes. Singletary v. Commissioner, 155 Fed. (2d) 207; Willis B. Anderson, 6 T. C. 956; H. D. Webster, 4 T. C. 1169; Isaac Blumberg, 11 T. C. 663. Reviewed by the Court. Decision will be entered under Buie 60. Van Fossan, J., concurs only in the result. HarRon, /., dissents.