McCOLLUM et al. v. McCOLLUM.

No. 9442.

Court of Civil Appeals of Texas. San Antonio.

Feb. 7, 1934.

Henry, Bickett & Bickett, of San Antonio, for appellants.

Conger, Low & Spears, of San Antonio, for appellee.

MURRAY, Justice.

Appellee, Lorance L. McCollum, instituted this proceeding against appellants, B. E. McCollum, Graham McCollum, Mozzelle Murray and her husband, Pete Murray, Mattie W. Goulding and her husband, Willard R. Goulding, and E. D. Henry, seeking a temporary mandatory injunction restoring him to the position of partner in the firm of Hagy-McCollum Funeral Home, and also restoring him to the position of manager of the firm. He also asked for the payment of his salary of $300 per month.

The trial judge granted the temporary mandatory injunction without having set the same down for a hearing and without having heard evidence in support of such petition.

It appears from appellee's petition for injunction that Mrs. Mattie W. Goulding, who is the mother of appellee, on the 26th day of July, 1933, conveyed to her four children, Lorance L. McCollum, B. E. McCollum, Graham McCollum, and Mrs. Mozzelle Murray, all of the land, buildings, and equipment used in the business of Hagy-McCollum Funeral Home, each to own a one-fourth undivided interest in the business.

The above four named children of Mrs. Goulding, in July, 1933, entered into a contract of partnership for the conduct of this business, in which it was provided that the compensation to each of the partners should be as follows: Lorance L. McCollum $300 per month; B. E. McCollum $200 per month; Graham McCollum $150 per month; and Pete Murray, who is the husband of Mozzelle Murray, the sum of $150 per month. The partnership was to continue for many years, but there were also a number of provisions for a dissolution.

On November 1, 1933, appellee, Lorance L. McCollum, received notice that he was no longer a member of the firm and that his salary had been discontinued. On January 5, 1934, this injunction proceeding was instituted by him.

■ We are of the opinion that the trial court erred in ordering this injunction issued. In the first place there were not sufficient grounds set out in the petition which would justify the issuing of a temporary mandatory injunction without a hearing. In the second place, even if there had been a hearing, the petition was insufficient to support this injunction. The petition set out the partnership agreement and then alleged that such agreement is null and void. In this way the petition is self-contradictory and self-destructive. The injunction does not preserve the status quo but, in effect, gives appellee a money judgment for $600, which must be paid under the penalty of contempt of court. Money judgments should not be granted or collected in this manner.

■ This injunction, in effect, attempts to prevent the dissolution of a partnership. Under the law a partnership calling for the personal services of the partners can always be dissolved, even though it constitutes a breach of contract. The right to dissolve may not exist but the power to dissolve always exists. If the dissolution constitutes a breach of the contract, there may be a suit for damages for the breach, but the power to dissolve nevertheless exists. Karrick v. Hannaman, 168 U. S. 328, 18 S. Ct. 135, 42 L. Ed. 484.

There can be no such thing as an indissoluble partnership. Skinner v. Dayton, 19 Johns. (N. Y.) 513, 10 Am. Dec. 286, loc. cit. 294, 295; 20 Ruling Case Law, 954, 955; Mechem, Partnership, 155.

■ Appellee contends that he was entitled to the relief sought because he was a one-fourth owner of the business. We cannot agree with this contention. If joint owners of a business are unable to agree upon the management of the business, one of such joint owners might have the right to require

the appointing of a receiver upon a proper showing, but he would, under no circumstances, be permitted to compel the maintaining of a partnership by mandatory injunction.

The order of the trial judge is reversed, the temporary injunction dissolved, and this cause dismissed.