ATHA v. ATHA.

1. PARTNERSHIP—DISSOLUTION—STATUTES—COMMON LAW.
　　A partnership for an indefinite term may be dissolved at any time by a party thereto either under the uniform partnership act or under the common law (2 Comp. Laws 1929, § 9871).

2. SAME—DISSOLUTION—DAMAGES.
　　Whether or not a partner dissolving partnership for an indefinite term should be required to respond in damages for breach of partnership agreement depends upon whether dissolution is permitted under the terms of the agreement.

3. JOINT TENANCY—EXPRESS DECLARATION IN GRANT REQUIRED.

A joint tenancy in real property cannot be established unless expressly declared in the grant or devise (3 Comp. Laws 1929, § 12964).

4. SAME—PRESUMPTIONS—STATUTES.

Estates in joint tenancy are not favored and, since enactment of statute requiring that there be an express declaration in grant or devise creating them, all presumptions are against them (3 Comp. Laws 1929, § 12964).

5. HUSBAND AND WIFE—REQUISITES OF ESTATES BY ENTIRETIES—INTENT.

Creation of estate by entireties is not wholly matter of intention, but requires written instrument of conveyance which will produce unity of person, time, title, interest and possession.

6. PARTNERSHIP—DISSOLUTION—JOINT TENANCY.

Partnership agreement between father from Ohio and son from Michigan vesting survivor with ownership of the business, leases, wells, assets and good will of the firm which was formed for purpose of owning, developing and operating certain oil and gas leases, wells and equipment for an indefinite term was subject to dissolution by father, no joint tenancy having been created (Comp. Laws 1929, §§ 9871, 12964).

Appeal from Isabella; Hart (Ray), J. Submitted October 20, 1942. (Docket No. 44, Calendar No. 42,137.) Decided December 23, 1942.

Bill by W. Hunter Atha against Hunter Atha for dissolution of a partnership, for an accounting, and for other relief. Decree for plaintiff. Defendant appeals. Affirmed.

*James R. Rood* and *Gilbert A. Currie (John D. Currie,* of counsel), for plaintiff.

*Charles H. Goggin* and *James E. Ryan,* for defendant.

BUSHNELL, J. Plaintiff W. Hunter Atha, of Zanesville, Ohio, and his son, defendant Hunter

Atha, of Mt. Pleasant, Michigan, entered into a partnership agreement on January 1, 1938, for the purpose of owning, developing and operating certain oil and gas leases, wells and equipment. The partnership agreement provided:

"2. The partnership property, business and assets shall be owned in equal shares by the partners. All profits and losses from the carrying on of the partnership business shall be shared equally by the partners.

"3. Upon the death of any partner from any cause whatever, the surviving partner shall be the sole and absolute owner of all of the partnership business, leases, wells, assets, and good will.

"4. The term of this partnership shall be indefinite. All matters pertinent to the partnership business and operations which are not provided for in this agreement shall be the subject of mutual agreement among the partners.

"5. The business, operation, and activities of this partnership firm shall be subject to and governed by the laws of the State of Michigan."

In less than two years after the making of this agreement, differences arose between the partners and plaintiff filed a bill of complaint seeking an accounting and dissolution of the partnership. At the trial the issues were confined to the right of one partner to dissolve the partnership in view of the survivorship provision of the agreement and, if so, whether the property of the partnership could be sold in order to wind up the partnership affairs.

Defendant has appealed from a decree of dissolution.

Section 31 of the uniform partnership act, 2 Comp. Laws 1929, § 9871 (Stat. Ann. § 20.31), provides that dissolution is caused without violation of the agreement "By the express will of any partner when no

definite term or particular undertaking is specified,"
and "In contravention of the agreement between
the partners, where the circumstances do not per-
mit a dissolution under any other provision of this
section, by the express will of any partner at any
time."

The agreement states, "The term of this partner-
ship shall be indefinite." Defendant contends that
this language means that the partnership was to
continue until the death of one of the parties. But
plaintiff claims that it means that the partnership
was to continue only until its dissolution by either
party. Under either interpretation, this partnership
can be dissolved at the instance of either partner at
any time, under the statute and the rule as stated
in *Solomon* v. *Kirkwood,* 55 Mich. 256, as follows:

"The right of a partner to dissolve, it is said, 'is a
right inseparably incident to every partnership.
There can be no such thing as an *indissoluble* part-
nership. Every partner has an indefeasible right
to dissolve the partnership as to all future contracts
by publishing his own volition to that effect; and
after such publication the other members of the firm
have no capacity to bind him by any contract. Even
where partners covenant with each other that the
partnership shall continue seven years, either part-
ner may dissolve it the next day by proclaiming his
determination for that purpose; the only conse-
quence being, that he thereby subjects himself to a
claim for damages for a breach of his covenant.
The power given by one partner to another to make
joint contracts for them both, is not only a revo-
cable power, but a man can do no act to divest him-
self of the capacity to revoke it.' *Skinner* v. *Dayton,*
19 Johns. (N. Y.) 513, 538 (10 Am. Dec. 286)."

Whether plaintiff should be required to respond
in damages for a breach of the partnership agree-

ment depends upon whether dissolution is permitted under the terms of the agreement. That question is not before us and we do not pass upon it.

Defendant contends that a joint tenancy with the right of survivorship was created by the partnership agreement and that, because of this, the partnership property cannot be sold for the purpose of winding up the partnership affairs.

The uniform partnership act provides that:

"(1) A partner is a co-owner with his partners of specific partnership property holding as a tenant in partnership;

"(2) The incidents of this tenancy are such that:
*   *   *

"(d) On the death of a partner his right in specific partnership property vests in the surviving partner or partners except where the deceased was the last surviving partner, when his right in such property vests in his legal representative. Such surviving partner or partners, or the legal representatives of the last surviving partner, has no right to possess the partnership property for any but a partnership purpose." 2 Comp. Laws 1929, § 9865 (Stat. Ann. § 20.25).

A joint tenancy in real property cannot be established unless expressly declared in the grant or devise. 3 Comp. Laws 1929, § 12964 (Stat. Ann. § 26.44).

Estates in joint tenancy are not favored and, since the enactment of the foregoing statute, all presumptions are against them. *Hoyt* v. *Winstanley*, 221 Mich. 515, 519.

In *Union Guardian Trust Co.* v. *Vogt*, 263 Mich. 330, 334, the court said:

"The creation of an estate by the entireties is not wholly a matter of intention of the parties. It requires a written instrument of conveyance, which

will produce unity of person, time, title, interest, and possession.''

There is no evidence of a conveyance of this nature and the partnership agreement does not comply with the quoted requirements.

The decree is affirmed, with costs to appellee.

CHANDLER, C. J., and NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred with BUSHNELL, J. BOYLES, J., concurred in the result.