268 F.2d 133
 Arthur ENGELBRECHT, Appellant,
v.
Austin K. WILDMAN, Trustee in Bankruptcy of John H. McCullough and Margaret Mae McCullough, husband and wife, as individuals, doing business as Tri-State Drilling Company, bankrupts, Appellee.
 No. 16182.
 United States Court of Appeals Ninth Circuit.
 June 19, 1959.
 Rehearing Denied August 27, 1959.
 
 1
 John J. McCullough, Phoenix, Ariz., for appellant.
 
 
 2
 Trew, Woodford & Dodd, Kramer, Roche & Perry, F. Haze Burch, Phoenix, Ariz., for appellee.
 
 
 3
 Before HAMLEY and JERTBERG, Circuit Judges, and WOLLENBERG, District Judge.
 
 
 4
 WOLLENBERG, District Judge.
 
 
 5
 The appellant urges as error on appeal the District Court's order overruling appellant's plea to bankruptcy jurisdiction. Briefly stated, appellant contends that there is a prior in rem state court action having exclusive jurisdiction to deal with the subject matter of said action.
 
 
 6
 The pertinent facts are as follows: On February 23, 1954, Arthur Engelbrecht (hereafter called "Appellant"), George Gilling and John H. McCullough (hereafter called "Bankrupt") executed an agreement forming the Tri-State Cesspool Drilling Co., a partnership (hereafter called "Cesspool"). Appellant contributed all of the funds used to purchase Cesspool's operating equipment. Subsequently, the partners had a falling out and on April 6, 1954, Gilling and bankrupt informed appellant in writing of the dissolution of Cesspool. The power to dissolve was upheld by the state court in Engelbrecht v. McCullough, 1956, 80 Ariz. 77, 292 P.2d 845. Availing themselves of the option provided in the Cesspool partnership agreement, the continuing partners, Gilling and bankrupt, purchased the interest of the outgoing partner, Engelbrecht. Bankrupt and Gilling then formed and operated the Tri-State Drilling Co., a partnership (hereafter called "Drilling"), until August 1957, when the former purchased the latter's interest. Shortly after appellant received notice of dissolution of Cesspool, he filed an action in the state court, which is still pending, seeking (1) a dissolution of and accounting in Cesspool, and (2) an order restraining bankrupt and Gilling from disposing of Cesspool's assets except in the ordinary course of business. On December 19, 1957, the bankrupt and his wife, doing business as Tri-State Drilling Co., filed their individual petition in bankruptcy.
 
 
 7
 Appellant's objection to the Bankruptcy Court's jurisdiction over the items which formerly belonged to the Cesspool partnership, is premised on the theory (1) that a state court action of the nature presently pending is in rem, and (2) that a prior in rem state court action has exclusive jurisdiction over the res.
 
 
 8
 Appellant has not cited any authority to support his conclusion that a pending state action of the nature here involved is in fact in rem. However, for purposes of this decision the Court will assume the pending state action is in rem.
 
 
 9
 Bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property in the possession of the bankrupt at the time of the filing of the petition. Thompson v. Magnolia Petroleum Co., 1940, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876. Since the undisputed facts show the former Cesspool partnership equipment was in the possession of the bankrupts, the bankruptcy court has summary jurisdiction to determine whether it or the state court has exclusive jurisdiction over the res.
 
 
 10
 To determine if the bankruptcy court has jurisdiction "where the (state court) proceeding * * * has been commenced prior to bankruptcy, the principal consideration is whether or not there is a valid lien already effected to which the proceedings relate". 1 Collier, Bankruptcy, p. 294 (14th Ed.). A state court has exclusive jurisdiction of the res only to the extent the liens thereon are valid as against the trustee in bankruptcy. The authorities cited by appellant hold no more than this. Straton v. New, 1931, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060; Bryan v. Speakman, 5 Cir., 1931, 53 F.2d 463. A state court may not use the surplus remaining after the satisfaction of such liens to settle claims not valid as against the trustee. The trustee is entitled to the surplus. Atlantic Flooring & Insulation Co. v. Russell, 5 Cir., 1945, 145 F.2d 493, 495. The facts of this case are not within the authorities relied upon by appellant.
 
 
 11
 The Supreme Court of Arizona stated that the trial court "clearly exceeded its authority in issuing the (restraining) order since the effect was to compel the continuation of the (Cesspool) partnership" contrary to Arizona law. Engelbrecht v. McCullough, 1956, 80 Ariz. 77, 292 P.2d 845, 848. Thus, even assuming, without deciding, that (1) a restraining order is still in effect, and (2) that under Arizona law such an order results in a lien on the property, such a lien is not valid as against the trustee. The state court action, to the extent it may have attempted to deal in rem with the property, abated upon the filing of the petition.
 
 
 12
 The order appealed from is affirmed.