Arthur ENGELBRECHT, Appellant,

v.

Myrtle BOWEN, Trustee in Bankruptcy, etc., and In the Matter of Tri-State Drilling Co., etc., Appellee.

No. 17407.

United States Court of Appeals
Ninth Circuit.

March 14, 1962.

John J. McCullough, Phoenix, Ariz., for appellant.

Kramer, Roche & Perry, Trew, Woodford & Dodd, R. R. Woodford, Phoenix, Ariz., for appellee.

Before BARNES, JERTBERG and BROWNING, Circuit Judges.

BARNES, Circuit Judge.

This is an appeal from a judgment of the United States District Court confirming an order of the referee in bankruptcy which denied appellant's petition to reclaim property from the trustee in bankruptcy. The district court had jurisdiction to review the referee's order under the provisions of 11 U.S.C.A. §§ 46, sub. a and 67, sub. c. This court has jurisdiction to review the district court's judgment under the provisions of 11 U.S.C.A. § 47, sub. a.

In order to understand fully this case, Engelbrecht v. McCullough, 80 Ariz. 77, 292 P.2d 845,[1] and Engelbrecht v. Wild-

---

1. The material portion of the 1956 Supreme Court of Arizona case appears to be as follows:

"STRUCKMEYER, Justice.

"This appeal questions the propriety of a denial of certain ancillary relief sought by the appellant in an action for a dissolution and accounting of partnership affairs. Appellant, whom we shall hereafter call plaintiff, and appellees, whom we shall call defendants, on February 23, 1954, entered into a written partnership agreement to carry on the business of cesspool drilling and servicing for a period of two years. Differences arose between the partners resulting on April 8, 1954, in a written notice of dissolution addressed to plaintiff by defendants. By paragraph 11 of the partnership agreement it was provided:

" '11. It is mutually agreed by the partners hereto that in the event of the withdrawal of a partner or partners for any reason, or the termination of this partnership by death or any cause, the partners wishing to continue the business shall have the right to purchase the as-

sets of the partner retiring from the business, based on the book value of the partnership at the time of the termination of said partnership, and the partner or partners purchasing said assets of the other partner or partners shall have a period of twenty-four months in which to pay for said assets.'

The defendants elected to buy out plaintiff and continue the business under the provisions of the foregoing paragraph. Seemingly they have taken possession of the partnership assets and have continued the business under its original name.

"This action was commenced on June 11, 1954, originally seeking a dissolution and an accounting. On the same day plaintiff obtained from the lower court an order directing the defendants to appear and show cause why an accounting should not be had of all the dealings and transactions of the partnership. The hearing on this order to show cause was continued from time to time until October 14, 1954. On October 1st plaintiff filed a second amended complaint from which it appears that in addition to asking

man, 9 Cir., 268 F.2d 133,[2] must be read and considered. They show that appellant appeared in the Supreme Court of the State of Arizona in 1956 and in this court in 1959 on the same set of facts here presented.

Appellant has filed a thirteen page "Statement of Points" containing twenty-eight "Points" which he submits for the consideration of this court; appellant "condenses" these twenty-eight points to twelve arguments in his opening brief.[3]

There is, however, but one fundamental alleged error. That is that the district court erred, for one reason or another, in confirming the order of the referee which denied appellant's petition to reclaim property from the trustee in bankruptcy.

In Engelbrecht v. Wildman, supra, this court said:

"Since the undisputed facts show the former Cesspool partnership

for a decree of dissolution of the partnership and an accounting, the court was petitioned to 'order the defendants to restore the plaintiff to his work and activities under the partnership agreement.' It is apparent from the contents of the second amended complaint that plaintiff now seeks to treat the dissolution of April 8, 1954, as wrongful and the partnership as continuing. A third order to show cause was secured primarily directed to obtaining mandatory orders of the court to enforce a continuation of the partnership agreement. This third order to show cause was consolidated for hearing with the original order. At the hearing on October 14th the court directed the defendants to file a full and complete accounting from the beginning of the partnership to the then 'present time' and an inventory of all stocks and materials on hand, debts outstanding and contracts to be completed, and further ordering that plaintiff be allowed a full and complete inspection of all books of account. All other relief requested in both orders to show cause was denied including all those matters which sought to restore the plaintiff to his 'work and activities' under the partnership agreement.

"It should be emphasized that it is now plaintiff's theory that because of the alleged wrongful dissolution, the partnership agreement is still in existence and that he is entitled to invoke the power of the court to specifically enforce its terms. The lower court repudiated such theory, apparently treating the partnership as dissolved on April 8th, whether wrongfully or rightfully and issuing only such orders as were consistent with the winding up of its affairs." (80 Ariz. 77, 292 P.2d, at 845–846.)

2. In reciting the issues and facts pertinent to the 1959 ninth circuit case, heard before Hamley and Jertberg, Circuit Judges, and Wollenberg, District Judge, the latter wrote as follows:

"The appellant urges as error on appeal the District Court's order overruling appellant's plea to bankruptcy jurisdiction. Briefly stated, appellant contends that there is a prior in rem state court action having exclusive jurisdiction to deal with the subject matter of said action.

"The pertinent facts are as follows: On February 23, 1954, [appellant], George Gilling and [bankrupt] executed an agreement forming the Tri-State Cesspool Drilling Co., a partnership (hereafter called 'Cesspool'). Appellant contributed all of the funds used to purchase Cesspool's operating equipment. Subsequently, the partners had a falling out and on April 6, 1954, Gilling and bankrupt informed appellant in writing of the dissolution of Cesspool. The power to dissolve was upheld by the state court * * *. Availing themselves of the option provided in the Cesspool partnership agreement, the continuing partners, Gilling and bankrupt, purchased the interest of the outgoing partner [appellant]. Bankrupt and Gilling then formed and operated the Tri-State Drilling Co., a partnership (hereafter called 'Drilling'), until August 1957, when the former purchased the latter's interest. Shortly after appellant received notice of dissolution of Cesspool, he filed an action in the state court, which is still pending, [and still is] seeking (1) a dissolution of and accounting in Cesspool, and (2) an order restraining bankrupt and Gilling from disposing of Cesspool's assets except in the ordinary course of business. On December 19, 1957, the bankrupt and his wife, doing business as Tri-State Drilling Co., filed their individual petition in bankruptcy." (268 F.2d at 133–134.)

3. Contrary to the rules of this court (Rule 18(2) (d), 28 U.S.C.A.), appellant's brief does not contain a statement of the errors upon which he relies in this court.

equipment was in the possession of the bankrupts, the bankruptcy court has summary jurisdiction to determine whether it or the state court has exclusive jurisdiction over the res.

"* * * A state court has exclusive jurisdiction of the *res* only to the extent the *liens* thereon are valid as against the trustee in bankruptcy. [Emphasis the court's] * * * A state court may not use the surplus remaining after the satisfaction of such liens to settle claims not valid as against the trustee. The trustee is entitled to the surplus. [Citing cases.] * * *

"The Supreme Court of Arizona stated that the trial court 'clearly exceeded its authority in issuing the (restraining) order since the effect was to compel the continuation of the (Cesspool) partnership' contrary to Arizona law. * * * Thus, even assuming, without deciding, that (1) a restraining order is still in effect, and (2) that under Arizona law such an order results in a lien on the property, such a lien is not valid as against the trustee. The state court action, to the extent it may have attempted to deal in rem with the property, abated upon the filing of the petition." (268 F.2d at 134–135.)

And in Engelbrecht v. McCullough, supra, the Supreme Court of Arizona, *inter alia,* said:

"In the present case the partnership was dissolved on April 8, 1954; the partnership itself continued to exist thereafter only for the purpose of winding up its affairs. * * *" (80 Ariz. 77, 292 P.2d at 847.)

█ The instant case is neither before this court on *certiorari* to the Supreme Court of Arizona, nor on a rehearing of its own decision. All of appellant's present contentions in effect relitigate issues presented in the two prior cases. They are barred by the doctrine of *res judicata.*

Appellee's counsel represents only the trustee in bankruptcy. He does not deny that appellant's former partners breached their contract; that the former partners are indebted to appellant; and that appellant is entitled to an accounting.[4] One of them, at least, may have been a rascal. Such matters are not before this court; they are conceded by appellee. They need not be argued to, nor decided by, this court.

With the above considerations in mind, what remains before us? Appellant has appealed from the denial of his petition for reclamation. The referee found, and the district court confirmed, the following facts:

"* * * 2. That said partnership was dissolved on the 6th day of April, 1954.

* * * * * *

"5. That said partnership ceased to exist for all purposes, other than for an accounting among the partners, on the 6th day of April, 1954.

"6. That title to the assets of this estate were vested in * * * bankrupts herein.

* * * * * "

And the referee made the following conclusions of law:

"1. That the sale of the assets of Tri-State Cesspool Drilling Co. of April 6, 1954, passed title to the remaining partners free and clear of any and all liens and encumbrances in favor of the retiring partner.

"2. That [appellant] has an unsecured claim against * * * the remaining partners, for his interest in the partnership known as Tri-State Cesspool Drilling Co.

"3. That the Trustee had legal title to the assets in this estate at the time of his appointment and qualification.

"4. That the sales made by the Trustee are valid and subsisting.

---

4. Brief, pp. 8–9.

"5. That [appellant] is not entitled to an Order for Reclamation of the assets of this estate or the proceeds of the sale of assets of this estate."

 These findings and conclusions were confirmed by the district court. Such findings cannot be set aside unless clearly erroneous. Hudson v. Wylie, 9 Cir. 1957, 242 F.2d 435, 450; Fed.R.Civ. P. 52(a) and 53(e) (2), 28 U.S.C.A. See, 8 Remington on Bankruptcy (1955) § 3443. Appellant's brief is devoid of any basis upon which this court could hold the referee's findings were clearly erroneous. It does not direct the attention of this court to any errors of law in the referee's conclusions *on the issue presently before this court.* Indeed, the prior decisions and this record indicate that no error had been committed in any respect.

Affirmed.