**CEDAR–COMP MATERIALS CO., Inc.,**
**Appellant,**

v.

**A. J. BUMB, Trustee, Appellee.**

**No. 19368.**

United States Court of Appeals
Ninth Circuit.

April 22, 1965.

Robert B. Holland, Orange, Cal., for appellant.

Joseph S. Potts, Craig, Weller & Laugharn, Los Angeles, Cal., for appellee.

Before JERTBERG, MERRILL and ELY, Circuit Judges.

JERTBERG, Circuit Judge:

Before us is a timely appeal from an order entered by the District Court on petition to review an order of the Referee in bankruptcy modifying the order of the Referee

> "by increasing the amount of the judgment in favor of the trustee in bankruptcy against Cedar-Comp Materials Co., Inc., from the sum of $5,858.51 to the sum of $7,277.50, * * *, and that in all other respects the Referee's said Order be, and it hereby is, affirmed."

Following the hearing on an order to show cause issued by the Referee in bankruptcy, directed to the appellant, why an order should not be entered adjudging that appellant is indebted to the bankrupt estate in the amount of $8,-078.50, and further ordering that appellant's claim be disallowed until such time as appellant has paid in full the above sum, together with interest, to the trustee, the Referee found as facts:

That the bankrupt filed a voluntary petition in bankruptcy on May 22, 1961; that appellant filed its claim against the bankrupt estate in the amount of $8,-531.15; that the bankrupt paid to appellant the sum of $2,000 on February 2, 1961, and the further sum of $1,000.00 about March 3, 1961; that on April 5, 1961, appellant filed a law suit, caused a writ of attachment to levy in connection therewith, and a keeper to be placed in possession and control of bankrupt's place of business, and thereafter obtained a judgment against the bankrupt, and on or about May 9, 1961, caused the assets of bankrupt's business to be sold. That the gross proceeds of the execution sale were in the sum of $5,078.50 and that the net amount realized by appellant after costs incurred was the sum of $2,858.51; that the bankrupt was wholly insolvent at all times from and after January 1, 1961; that at all times from and after January 1, 1961, appellant knew, or had reasonable cause to believe, that the bankrupt was fully insolvent; and that the general creditors of bankrupt would receive less than ten percent of their respective claims by way of dividends.

As conclusions of law, the Referee concluded:

That the bankrupt corporation was wholly insolvent at all times from and after January 1, 1961; and from and after that date, appellant knew or had reasonable cause to believe that the bankrupt was insolvent; that by reason of the payments made by bankrupt to appellant, and the receipt by appellant of the proceeds of the execution sale, appellant received a greater percentage of its claim than other creditors, and that the payments and each of them constitute preferences to appellant voidable under Section 60 of the Bankruptcy Act; that appellant is entitled to credit of its actual costs incurred in the course of the execution sale in the amount of $2219.99, making a

net preference to appellant by reason of said execution sale in the amount of $2858.51.

The Referee ordered:

1. That the amount of payments received by appellant from the bankrupt constitute preferences voidable under the provisions of Section 60 of the Bankruptcy Act;

2. That appellant is indebted to the bankrupt estate and the trustee thereof in the sum of $5,858.51; and

3. That appellant's claim filed in the bankruptcy proceedings is disallowed or suspended pending payment in full by appellant to the trustee of the said sum of $5,858.51, together with interest thereon.

Following the entry of the findings of fact, conclusions of law, and order, appellant petitioned the District Court to review the orders of the Referee. The appellee-trustee filed a cross-petition for review only in respect to the action of the referee in allowing to the appellant the actual costs incurred by it in the course of the execution sale in the amount of $2219.99.

In its petition for review appellant attacked the findings and conclusions of law of the Referee contending that the evidence before the Referee was insufficient to support the material findings made by him and that the conclusions of law were wholly erroneous.

On review the District Court adopted all the Referee's findings and conclusions upon which the Referee's order was predicated except the conclusion that appellant was entitled to credit in the amount of its actual costs incurred in the course of the execution sale. The District Court concluded that in respect to the gross proceeds of the execution sale in the sum of $5078.50 appellant was entitled to credit only in the sum of $801.00 which was paid out of gross proceeds on account of certain of bankrupt's labor claims.

The order of the Referee was modified in the manner set forth in the beginning of this opinion.

On this appeal from the District Court's order, appellant contends that the District Court erred:

1. In finding that the first two transfers [payments of the sum of $2000.00 and of the sum of $1000.00] served as a diminution of the bankrupt estate;

2. In finding that appellant had reasonable cause to believe that the bankrupt was insolvent in the making of the three transfers [the two transfers mentioned above and the proceeds realized from the execution sale];

3. In holding that appellant was not entitled to the actual costs incurred by it in connection with the execution sale.

Under its first assignment of error appellant argues that appellee failed to prove that the first two transfers were payments on an antecedent debt and therefore such payments did not diminish the bankrupt estate. The contention appears to us to be frivolous.

■ Appellant failed to deny in its answer the allegations contained in the order to show cause that the three payments in question were on account of antecedent indebtedness owing by bankrupt to appellant. Furthermore, at the hearing before the Referee counsel for appellant stated " * * * in the interest of saving time, an examination of our answer filed in this case will show there was no denial as to payments made." One of the checks received by the appellant contained the notation, "On Account". Clearly there was substantial evidence to support the finding that the payments made by the bankrupt to the appellant diminished the bankrupt estate.

Under its second contention appellant argues that the evidence before the Referee is insufficient to support his findings that the appellant had reasonable cause to believe that the bankrupt was insolvent at the time of the making of the three payments to appellant.

■ The issue of reasonable cause to believe insolvency is one of fact and,

under General Order 47 this court must accept the finding thereon "unless clearly erroneous". See 3 Collier on Bankruptcy § 60.54, p. 1002, n. 3 [14th ed. 1961].

■ Although reasonable cause to believe implies more than mere suspicion it does not require actual belief of insolvency and may be inferred from such notice concerning the affairs of a debtor as would lead a prudent business person to believe the debtor insolvent. 3 Collier, supra; Hoppe v. Rittenhouse, 279 F.2d 3 (9th Cir. 1960); C. A. Swanson & Sons Poultry Co. v. Wylie, 237 F.2d 16 (9th Cir. 1956).

■ We have carefully reviewed the transcript of the testimony taken before the Referee and are satisfied that the findings and conclusions of the Referee confirmed by the District Court are supported by substantial evidence. Such findings and conclusions are conclusive on review unless "clearly erroneous". Security First National Bank of Los Angeles v. Quittner, 176 F.2d 997 (9th Cir. 1949); Englebrecht v. Bowen, 300 F.2d 891 (9th Cir. 1962).

Appellant's last assignment of error is that the District Court erred in modifying the Referee's order by disallowing the actual costs incurred by appellant in connection with the execution sale thereby increasing the judgment against appellant from $5858.51 to $7277.50, an increase of $1418.99. The actual costs incurred by appellant is in the sum of $1025.60. Appellant contends that the allowance of actual costs was well within the equitable power of the Referee and that the modification made by the District Judge was wholly erroneous.

■ The Referee allowed the appellant the costs incurred by it in the course of the execution sale in the amount of $2219.99 which included the sum of $801.00 paid from the gross proceeds of the sale in payment of prior labor claims of the bankrupt. Thus the Referee allowed $1418.99 to appellant as actual costs incurred by it in the course of the execution sale. As above noted, the actual costs incurred by appellant was in the amount of $1025.60. Thus the Referee made an over-allowance in the sum of $393.39. The District Court by its order allowed only the payment of labor claims in the amount of $801.00, thereby denying to appellant any part of the actual costs incurred by it in the amount of $1025.60. The record shows that the property sold on the execution sale consisted of assets of the bankrupt's business. If such property had not been sold on the execution sale the same would have been liquidated by the trustee. Obviously, the bankrupt estate would have been put to some expense in connection with the preservation and liquidation of such property. To the extent that such expense was saved to the bankrupt estate, the estate and creditors were benefited by the costs incurred in the execution sale. It is well settled that courts of bankruptcy are essentially courts of equity. Injustice and unfairness should be avoided in the administration of a bankrupt estate.

We believe that costs should be allowed to the appellant to the extent that costs and expenses were saved to the bankrupt estate by reason of the costs incurred by the appellant in the execution sale.

We are unable to determine from the record the amount of costs and expenses which were saved to the bankrupt estate by the action of the appellant. Under such circumstances the order of the District Court is affirmed in all respects except as to the amount of the judgment awarded against the appellant, and the cause is remanded to the Referee to determine the amount of the costs and expenses saved to the bankrupt estate by reason of the costs incurred by appellant in the execution sale and for modification of the judgment in accordance with such determination.